UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

RANDY WAYNE CARUTHERS,               )
                                     )
                Plaintiff,            )   Case No. 1:10-cv-274
                                     )
v.                                   )   Honorable Robert Holmes Bell
                                     )
CORRECTIONAL MEDICAL SERVICE,        )
INC., et al.,                        )   **MEMORANDUM OPINION**
                                     )
                Defendants.           )
_____)

      This is a civil rights action brought by a state prisoner, alleging inadequate health care in violation of plaintiff's Eighth Amendment rights. Plaintiff's original complaint is brought against Correctional Medical Services, Inc. and Dr. Badawi Abdellatif. The magistrate judge has ordered service on the original defendants, neither of whom has yet appeared.

      Presently pending before the court is plaintiff's motion to amend his complaint. (docket # 7). Because plaintiff is a prisoner and proceeding *pro se*, his motion to amend is subject to the initial screening requirements of the Prison Litigation Reform Act (PLRA), as codified in 28 U.S.C. §§ 1915(e)(2), 1915A. These provisions of the PLRA require the court to dismiss a complaint that is frivolous, fails to state a claim upon which relief can be granted, or attempts to sue a clearly immune defendant. Although not a model of clarity, the so-called amended complaint appears in reality to be a supplemental complaint under Fed. R. Civ. P. 15(d). That is, the amended complaint does not refer to the acts and omissions alleged in the original complaint, but complains

of events that took place thereafter and seeks to name five new defendants, who allegedly were involved with plaintiff's medical care on and after February 20, 2009. The additional defendants are Prisoner Health Services, Inc., the Michigan Department of Corrections, James Armstrong (the step III grievance coordinator), Dr. Holmes, and the Duane Waters Hospital.

Upon review of plaintiff's proposed supplemental pleading, the court determines that the claims against proposed defendants Michigan Department of Corrections, Duane Waters Hospital, and James Armstrong must be dismissed. The Michigan Department of Corrections, as a department of the State of Michigan, is immune from suit in the federal courts by the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Duane Waters Hospital is not an entity capable of being sued. Rather, it is a building owned by the Michigan Department of Corrections. Neither the states nor their departments are subject to suit in federal courts, without their consent. *See Johnson v. Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004); *see also McCoy v. Michigan*, No. 08-1641, 2010 WL 841198, at * 7 (6th Cir. Mar. 12, 2010).

Read with all required liberality, the proposed amended pleading states no claim against defendant James Armstrong, the step III grievance coordinator. In order to state a claim, a complaint must allege facts sufficient to establish a plausible violation of federal rights. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The proposed pleading is absolutely silent concerning any act or omission by defendant Armstrong. The complaint alleges only that plaintiff has not received a response to his step III grievance; presumably, plaintiff seeks recovery against Armstrong on this basis. Prisoners, however, have no federal constitutional right to timely responses to their prison grievances. *See Argue v. Hoffmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy*, 30 F. App'x 568, 569-70 (6th Cir. 2002); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams*

*v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). The complaint states no conceivable claim against Armstrong.

For the foregoing reasons, the motion to supplement his complaint will be granted in part and denied in part. As both the Michigan Department of Corrections and its hospital are immune from suit under Eleventh Amendment principles, plaintiff will not be granted leave to add those defendants to this action. Nor has plaintiff stated a cognizable claim against defendant Armstrong. The motion to supplement will be granted as to additional defendants Prisoner Health Services, Inc. and Scott L. Holmes, M.D., and the Clerk will be directed to file the proposed supplement and serve the complaint and supplement upon those defendants only. To conserve resources, the court will not order service of plaintiff's voluminous exhibits, which are not incorporated into his supplemental complaint and are not essential to an understanding of his claim. The exhibits are available to all present and added parties via the CM/ECF system.

Dated: April 27, 2010                         /s/ Robert Holmes Bell
                                              ROBERT HOLMES BELL
                                              UNITED STATES DISTRICT JUDGE